IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STANLEY LANIER, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>WEAVER COOKE CONSTRUCTION, )<br>LLC, )<br>)<br>    Defendant. ) | 1:04CV00757 |

MEMORANDUM OPINION and ORDER
---

OSTEEN, District Judge

Plaintiff Stanley Lanier ("Plaintiff") filed this action, seeking relief under 42 U.S.C. § 1981, as amended, ("§ 1981 claim") and North Carolina state law. This matter is before the court on Defendant Weaver Cooke Construction, LLC's ("Defendant") motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the court will deny Defendant's motion.

I. **FACTUAL BACKGROUND**

Plaintiff, a black subcontractor for Defendant, agreed to perform two masonry and concrete projects for Defendant. Plaintiff failed to finish the second project because preparatory work, which was not Plaintiff's responsibility, was

not complete. If the preparatory work had been finished, Plaintiff could have timely completed the second job.

The parties' contract stated:

> In the event Subcontractor fails or neglects to carry out the Subcontractor's Work in accordance with this subcontract or otherwise to perform in accordance with this Subcontract and such failure shall continue for forty-eight (48) hours after receipt of written notice to commence work and/or correct such default, Contractor may, without prejudice to any other remedy, terminate the Subcontract and complete Subcontractor's Work by whatever method Contractor may deem expedient.

(Compl. ¶ 45.) On August 23, 2001, Defendant sent Plaintiff a letter pursuant to that contractual provision. That same day, instead of waiting forty-eight hours as the contract required, Defendant hired another party to finish Plaintiff's work.

Plaintiff alleges that immediate replacement was a breach of contract. Furthermore, "[White] subcontractors who received [forty-eight] hours notice were never replaced, but were allowed to continue working and [to] complete jobs. [White] subcontractors who were behind schedule on jobs were not terminated." (Id. ¶ 49.) Thus, "Plaintiff was intentionally discriminated against and treated differently because of his race," (id. ¶ 50), and "[t]he aforementioned acts of . . . [D]efendant constitute intentional and purposeful discrimination against [P]laintiff because of [P]laintiff's race," (id. ¶ 52).

2

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a claim when the pleading setting forth the claim "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[Such a] motion . . . should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief.'" Gottesman v. J.H. Batten, Inc., 286 F. Supp. 2d 604, 610 (M.D.N.C. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). The court must also construe the alleged facts in the plaintiff's favor. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

The claim at issue for the Rule 12(b)(6) motion is the § 1981 claim. That statute provides: "All persons within the . . . United States shall have the same right in every State and Territory to make and enforce contracts . . . ." 42 U.S.C. § 1981(a). "'[M]ake and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Id. § 1981(b). To state a claim under § 1981, the plaintiff must show (1) he belongs to a racial minority, (2) the defendant intentionally discriminated against him because of his race, and (3) the discrimination was in reference to an activity protected by § 1981. Brown v. City of
3

Oneonta, N.Y., 221 F.3d 329, 339 (2d Cir. 2000), cert. denied, 534 U.S. 816, 122 S. Ct. 44 (2001). At issue is whether Plaintiff has sufficiently established the second element, intentional discrimination, to defeat Defendant's Rule 12(b)(6) motion.

A § 1981 claim's dismissal under Rule 12(b)(6) is appropriate when a plaintiff "describe[s] no specific incidents of improper treatment." Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990). The averments need only reasonably and plausibly support an inference of racial discrimination. See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Thus, "conclusory allegations of discrimination and harassment do not state a claim upon which relief can be granted." Simpson, 900 F.2d at 35 (affirming dismissal of a complaint that included "no specific incidents of discrimination . . . [and] no specifics regarding [the] claims of disparate treatment of blacks and whites"). The complaint must state facts that suggest improper racial animus.

Plaintiff has set forth sufficient facts for his claim. Plaintiff alleges white contractors who fell behind were not fired while Plaintiff, a black contractor, was fired when he fell behind schedule. Plaintiff alleges more than a mere conclusion of discrimination by citing a specific incident of disparate treatment: he was fired while white contractors were not. If

4

true and supported by evidence, this allegation <u>may</u> reasonably show an intent to discriminate in violation of § 1981.  Thus, Plaintiff has alleged sufficient facts to defeat the Rule 12(b)(6) motion.

Defendant's arguments for the dismissal of the state law claims under grounds set forth pursuant to 28 U.S.C. § 1367(c) were contingent on this court's dismissing the federal anchor claim (§ 1981 claim).  Since this court will not dismiss the claim, further analysis is not necessary.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss [5] is denied.

This the 3rd day of January 2006.

/s/ William L. Osteen
United States District Judge